EDWARD A. DUFRESNE, JR., Judge.
| ¿This is an appeal by Jonathan Ains-worth, plaintiff-appellant, from a judgment in his favor of $3,197 in special damages and $20,000 in general damages (reduced by 15% for failure to mitigate damages), and against Rene Godoy and his insurer, GEICO General Insurance Co., defendants-appellees, in this automobile rear-end collision case. For the following reasons we affirm that judgment.
The facts of the accident are these. On July 12, 2001, Ainsworth was stopped at a red light with another automobile in front of him. Godoy was approaching the intersection when the light turned green. He testified that Ainsworth started forward and then stopped because the car in front of him had also stopped preparatory to making a left turn. Godoy admitted that he was unable to stop and. his pick-up truck hit the rear of Ainsworth’s car.
Ainsworth filed suit against Godoy and GEICO claiming that he had suffered four wedge deformities or compression fractures in his spine in the j3accident, which totally disabled him. He further alleged that the accident had left him with severe chronic pain. He also named as a defefi-dánt his own insurer, AAA Automobile Club Insurance Co., alleging that it had acted arbitrarily and capriciously in the handling of his claim and sought damages, penalties and attorney fees from this company.
After a bench trial judgment was rendered in plaintiffs favor and against Godoy and GEICO in the amount of $20,000, reduced by 15% for plaintiffs failure to mitigate damages by not following his treating physician’s orders. He was also awarded special medicals of $3,197. His claim against his own insurer was dismissed. Plaintiff now appeals asserting numerous factual errors on the part of the trial judge, as well as abuse of her discretion in fixing the damage award.
The standard of review of factual findings made by the trier of fact is that of manifest error. Cheairs v. State ex rel. DOTD, 2003-0680 (La.12/3/03), 861 So.2d 536. Under that standard a reviewing court may not set aside the factual determinations made by the trier of fact unless the entire record shows that those findings are clearly erroneous. Id. Moreover, even if the reviewing court would have made different findings based on the evidence of record, that is insufficient grounds to set aside the. findings made in the district court. Id.
The first issue concerns the accident itself. Godoy said he was traveling about *272 5 MPH at impact. The investigating officer testified that the damage to both vehicles was “very minor.” Ainsworth was taken to an emergency room where he stated to the medical staff that he had been in a minor motor vehicle, accident. Photographs of Godoy’s truck show almost no diseernable damage, and those of Ains-worth’s car show only slight damage. Ainsworth testified to the contrary that the impact speed had been much greater than the 5MPH stated by Godoy. On this | ¿showing, the trial judge’s determination that this was a “minor” accident is certainly not manifestly erroneous.
The next question concerns the nature and severity of plaintiffs injuries. He asserted that he had suffered a “broken back” in the accident, or at least had suffered a serious exacerbation of pre-exist-ing back problems. The evidence showed that prior to the July 12, 2001, plaintiff claimed to have been in an earlier, unwit-nessed accident on February 2, 2001, when a passing car had allegedly hit his opened door and compressed him against the door post as he was getting out of his car. As a result of that first accident he had notified his own UM insurer as late as May of 2001 that he was in “excruciating and unrelenting” pain as a result of his back being crushed into the “doorpost like a vise.”
In addition, it was shown through the testimony of Dr. Robert Mímeles, an orthopedic surgeon called by GEICO, that plaintiff had had a long history of prior back problems. This expert reviewed all of plaintiffs medical records going back to the early 1990’s, and concluded that he suffered from degenerative disc disease, excessive spur formation, and osteoporosis. The records also showed that he had made frequent complaints of back and leg pain before either of the two 2001 accidents.
Dr. Mímeles also testified that a pre-accident X-ray showed wedging or compression fractures of at least two, and possibly more, vertebral bodies, and an MRI done less than three weeks after the July 12 accident showed wedging of four vertebral bodies. His opinion was that none of these fractures could have occurred in the July 12 accident because the MRI did not show any edema or swelling at the points in question. He explained that if the fractures had indeed occurred in the accident it would be almost impossible not to have swelling associated with those bone injuries. His further opinion was that the fractures probably pre-dated the | ^February 2 accident as well. As to the nature of the injuries which plaintiff may have sustained on July 12, he said that a comparison of the pre-accident X-rays and the post-accident MRI showed no structural changes whatsoever in plaintiffs back. That being so, he concluded that the explanation for plaintiffs complaints of pain was a flare-up of his pre-existing conditions. He also said that in his 27 years of practice he had determined that such flare-ups are of three to four months duration, although he admitted that some experts might extend that period to perhaps six months.
Dr. William Knight, an expert in physical medicine, who treated Plaintiff after the second accident, was initially of the opinion that plaintiffs back problems were attributable 50% each to the two accidents. He admitted, however, that he was unaware of plaintiffs longstanding back problems. When presented with plaintiffs prior medical history, Dr. Knight admitted that it was unlikely that the July 12 accident had caused the compression fractures. He also agreed that the August 1 MRI did not indicate that the fractures were recent. He continued to maintain, however that in his opinion the exacerbation of plaintiffs symptoms was due equally to the two 2001 accidents. He also *273 noted that plaintiff did not follow his advice about exercise and physical therapy.
In her reasons for judgment, the trial judge stated that her observations of plaintiff during the trial led her to believe that he was exaggerating his injuries to enhance his damages. She particularly noted that he appeared to walk normally while moving about the halls and courtroom, but developed a limp whenever he approached the witness stand.
On the above evidence the trial judge ruled that more probably than not plaintiff suffered an exacerbation of a preexisting condition which lasted no more than six months, and for which general damages of $20,000 against Godoy and his | fiinsurer GEICO were appropriate. She further reduced that award by 15% because plaintiff did not mitigate his damages in that he did not follow Dr. Knight’s advice that he exercise and do physical therapy. She also awarded medical bills of $3,197, which were the only bills submitted into evidence.
Again, the question is whether the factual findings made here by the trial judge were manifestly wrong. Clearly they were not. Both medical experts agreed that plaintiff suffered at most an exacerbation of a pre-existing condition. Dr. Mímeles testified that such an injury should resolve itself in three to four months, although other doctors might extend that time to six months. The factual findings made by the trier of fact are thus amply supported by the evidence, are not manifestly erroneous, and therefore may not be set aside by this court.
Plaintiff also asserts that the damage award was too low and suggests to this court that the proper figure should be $28,000,000. The standard of review of damage awards is whether the judge abused her “much discretion” in fixing the award. Youn v. Maritime Overseas Corp., 92-3017 (La.9/3/92), 623 So.2d 1257. In this analysis the reviewing court must take into account the particular effect the particular injuries have had on the particular plaintiff. Id. Moreover, unless the reviewing court can for articulable reasons determine that the award is too low or too high, it cannot look to other similar cases for guidance as to what award the particular facts would warrant. Reck v. Stevens, 373 So.2d 498 (La.1979). Here we have reviewed the evidence and are unable to articulate any reasons why the award constitutes an abuse of discretion given the factual findings made concerning the nature and extent of plaintiffs injuries caused by the accident in question. We must thus affirm that award.
The next asserted error concerns loss of earning capacity. The trial judge declined to award any amount for this item because she found no evidence to 17support such an award. The facts bearing on this issue are that plaintiff was an attorney in California, but was not admitted to the Louisiana bar. For reason irrelevant to the present case, plaintiff had left California and returned to Louisiana where for some years he had been living on inherited wealth and was not otherwise gainfully employed. It was shown at trial that for several years he had been studying for the local bar exam as well as preparing to take the Louisiana notarial exam, but had not yet taken either by the trial date. Moreover, the trier of fact found that plaintiff had suffered in the accident an exacerbation of a pre-existing condition of six months duration. In Aisole v. Dean, 574 So.2d 1248 (La.1991) the court held that to recover for lost earning capacity there must be medical evidence which indicates with reasonable certainty that there exists a residual disability causally related to the accident. Because we have already upheld *274 the finding that plaintiff suffered an injury-lasting only six months, he obviously has failed to present medical evidence sufficient to meet the test of Aisole v. Dean, supra.
The final issue is the dismissal of plaintiffs suit against his own insurer for allegedly acting arbitrarily and capriciously in dealing with his claim. In Reed v. State Farm Mutual Automobile Insurance Co., 2003-0107 (La.10/21/03), 857 So.2d 1012, the court noted that findings of whether an insurer acted arbitrarily, capriciously or without probable cause in handling a claim are factual matters subject to the manifest error standard of review. It also held that when the extent of plaintiffs injuries is in dispute, the existence of a previous condition of the same nature can be the basis of reasonable doubt on the part of the insurer. Here, not only did the trier of fact find that plaintiff did indeed have preexisting conditions of the nature of the injuries claimed in the accident, but it was also undisputed that he had filed a previous suit alleging similar injuries arising from a previous accident. |sOn this showing, there is nothing manifestly erroneous in the trial judge finding that the insurer did not act arbitrarily, capriciously or without probable cause in its dealing with plaintiffs claims, and we therefore must uphold that finding.
We finally note that plaintiff has raised here issues relating to a summary judgment rendered in favor of other parties who were dismissed from this action on March 31, 2003. Because no timely appeal was taken from that judgment, it has long become final and cannot be attacked here.
For the foregoing reasons the judgment of the district court is hereby affirmed.

AFFIRMED.